CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/20/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| **SHELLY ANN LEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 6:18CV00075 |
| | ) |
| **BELVAC PRODUCTION MACHINERY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This case is presently before me on Defendant Belvac Production Machinery, Inc.'s ("Belvac") Bill of Costs (Dkt. 101) and Amended Bill of Costs (Dkt. 107). I **RECOMMEND GRANTING in part, and DENYING, in part,** Defendant's Bill of Costs and taxing as costs against Plaintiff the total sum of $4873.70 , and **STAYING** this case pending the outcome of Plaintiff's appeal.

## ANALYSIS

**Procedural History**

Plaintiff filed this employment discrimination action against her former employer for sex-based wage discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dkt. 1. On July 6, 2020, the court granted Belvac's motion for summary judgment and dismissed this action with prejudice, (Dkt. 98 and 99) which Plaintiff has appealed. Dkt. 102.

On July 20, 2020, Defendant filed its Bill of Costs in the amount of $7,053.46. but it failed to provide documentary support for many of the listed cost items. Plaintiff objected and Defendant, without leave of court, filed on July 28, 2020, an amended Bill of Costs seeking

$7,005.30. Defendant also provided supporting documentation of the particular costs incurred. Dkt. 107. The specific items in the Amended Bill of Costs are as follows:

| | |
|---|---:|
| Fees for service of summons or subpoenas | $ 140.00 |
| Fees for printed or electronically recorded transcripts | $5,138.70 |
| Fees for disbursement for printing | $1,274.25 |
| Other costs | $ 452.35 |
|     Transcript of Summary Judgment Hearing   $201.65 | |
|     Transcript of December 10, 2019 Hearing   $250.70 | |
| Total | $7,005.31 |

Plaintiff objects contending that Defendant's amended Bill of Costs was not timely and that it failed to provide adequate supporting documentation. Plaintiff also provides specific objections to particular cost items.

The court may tax costs[1] in favor of the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court provides otherwise. See Fed. R. Civ. Pro. 54(d)(1); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Recoverable costs under Rule 54 are set forth in 28 U.S.C. § 1920 which allow the following specific items:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[1] The Fourth Circuit has established a five factor test for determining the discretionary denial of costs. See Ellis v. Grant Thornton, LLP, 434 F. App'x, 232, 235 (4th Cir. 2011). While Plaintiff has invoked this test to argue that I should apply it to reduce taxable costs, Plaintiff has provided no specific argument in support and I find none of the factors applicable to alter the recoverable amount.

    (5) Docket fees under section 1923 of this title; and

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54 is silent as to the time for filing a bill of costs, and in the absence of a local rule setting a time, the court requires that the prevailing party file its costs request within a reasonable time of the final judgment. See, e.g. S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 60 F.3d 305, 308–309 (7th Cir. 1995). Defendant filed its original bill of costs within two weeks of the court's granting of summary judgment which is reasonable. See, e.g., Faulconer v. Centra Health Inc., No. 6:17-CV-00023, 2020 WL 3422195 (W.D. Va. June 22, 2020) (bill of costs not unreasonably late when filed fourteen days after dismissal of appeal and twenty–three months after district court granted summary judgment); Walker v. Mod-U-Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118, at *2 (W.D. Va. May 30, 2014) (four month delay between grant of summary judgment motion and filing of bill of costs not unreasonable). Plaintiff correctly notes that Defendant did not seek leave to file an amended bill of costs eight days later. I find that Defendant filed its amended bill of costs within a reasonable time of the court granting summary judgment. Further, Plaintiff had a full and adequate opportunity to consider the amended bill of costs and all supporting documentation and to make specific objections to the items sought. Thus, Defendant is not prejudiced by the filing of the amended bill of costs.

**Service Expenses**

Defendant incurred service costs of $90 by Virginia Court Services and $50 by Legal Process Service of Virginia. Plaintiff objects on the grounds that a party may not recover the costs of service by a private process server.

The plain language of § 1920(1) allows for costs paid to the Clerk and Marshal and does not specifically mention costs paid to private process servers. "While there is a split in the courts as to whether fees for private process servers fall under that provision, a clear majority of circuit courts recognize private process server fees are also taxable against the non-prevailing party." Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-cv-42, 2010 WL 452743, at *2–*3 (W.D. Va. Feb. 8, 2010) (collecting cases from different circuits). The Fourth Circuit has not yet weighed in on the issue; however, courts in the Western District of Virginia have applied § 1920(1) as written and excluded costs for service by a private process server under § 1920. See Webb v. Kroger Ltd. P'ship I, No. 7:16-cv-00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017) (collecting cases); see also Clehm v. BAE Sys., Inc., Civil Action No. 7:16-cv-00012, at *8 (W.D. Va. May 9, 2018) (same). I will follow suit and decline to award costs paid for service by a private process server.

**Deposition Transcripts**

Defendant seeks the costs for the deposition of Mark Henefeld, former CFO of Defendant, taken on September 5, 2019 for both the transcript ($426.85) and the video ($214.00). Dkt. 107–1, p. 2. The cost of a deposition transcript is generally recoverable if it was "reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999). In Abrams v. Wachovia Corp., No. CIV.A. 3:08-4073, 2010 WL 3169278, at *1 (D.S.C. Aug. 6, 2010), the court declined to award costs for videotaping a deposition in the absence of a showing of such necessity. However, in Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2015 WL 1417058, at *10–*11

4

(W.D. Va. Mar. 27, 2015), the court found that videography fees were necessarily obtained for use in the case, and, thus, taxable, because the moving party only videotaped the depositions of specific witnesses who were outside the court's subpoena power and unavailable for the trial.

Here, Defendant argues that videotaping costs of the deposition of Mr. Henefeld are recoverable because he resides in Georgia. As Defendant has shown that Mr. Henefeld resides outside the subpoena power of the court (see Fed. R. Civ. P. 45(c)(1)(a)) and only seeks to recover costs for videotaping this specific deposition, I find that the cost for both the transcript and the video recording of the deposition is taxable. See Intellectual Ventures I LLC v. Capital One Fin. Corp., No. 1:13CV0740, 2015 WL 7283108, at *9 (E.D. Va. Nov. 17, 2015) (allowing the recovery of videotaping costs of depositions of witness beyond the court's subpoena power).

Defendant also seeks recovery for a $265.00 "Appearance/Travel/Postage Fee" for depositions on September 17, 2019. Dkt. 107–2, p. 9. Courts within this district have generally not allowed recovery of travel and postage fees in the absence of any particular showing of necessity. See Hanwha Azdel, Inc. v. C & D Zodiac, Inc., 2015 WL 1417058 at *11 (finding "service fees, travel fees, deposition appearance fees, and postal fees" not taxable); Scallet v. Rosenblum, 176 F.R.D. 522, 529 (W.D. Va. 1997) (cost of postage or shipping for the transcripts and/or copies not taxable); see also AM Properties v. Town of Chapel Hill, 202 F. Supp. 2d 451, 457 (M.D.N.C. 2002) (denying the recovery of mail and postage expenses where "Defendant has not presented the Court with specific information about the nature or necessity of these expenses"). Defendant has provided no explanation of the necessity of "Appearance/Travel/Postage Fee," and these fees would not normally be recoverable. Therefore, I do not find the cost of $265.00 for Appearance/Travel/Postage properly taxable.

5

Defendant ordered the transcripts of the November 1, 2019 hearing on its motion for summary judgment and the December 10, 2019 hearing on the motion for sanctions and to exclude Plaintiff's experts both of which included a fee for an expedited (3-day) transcript. Defendant provides no explanation why these transcripts were necessary for defense of the case and nominally claims that the expedited transcripts were necessary because the hearings occurred close in time to the original trial date of December 11 – 13, 2019. The Court continued the trial on November 19, 2019 and on December 3, 2019 re-scheduled the trial for August 2020.

Fees for expedited transcript productions are not allowable without a showing of necessity. Nobel Biocare USA, LLC v. Technique D'usinage Sinlab, Inc., No. 1:12CV730, 2013 WL 819911, at *2 (E.D. Va. Mar. 4, 2013) (citing Ferris v. AAF–McQuay, Inc., No. 5:06cv82, 2008 WL 495656, at *1 (W.D. Va. Feb. 21, 2008)). Courts in this circuit have found such necessity where a party sought deposition transcripts soon before a dispositive motion deadline. See Delapp v. Shearer's Foods, Inc., No. 1:15CV00020, 2016 WL 1718395, at *2–*3 (W.D. Va. Apr. 29, 2016) (compiling cases).

An award of the costs of transcripts of pre-trial hearings are taxable where reasonably necessary in the case. Brickey v. Hall, No. 1:13cv00073, 2017 WL 895746, at *2 (W.D. Va. Mar. 3, 2017) (holding that transcript of summary judgment hearing was reasonably necessary to the litigation). There must be a showing, however, how the transcripts are necessary for the litigation of the case.

> As to the transcripts of pretrial hearings, the Court must consider both the
> length and complexity of the whole case and what transpired at
> the hearings for which Sperry seeks the costs of transcripts. If the
> proceedings were devoted to limiting and clarifying the issues which were to
> be heard at a lengthy trial and if such proceedings were of a magnitude that
> a transcript was needed to determine how the trial would proceed, then a
> transcript would of course be justified. However, if these
> pretrial hearings did not greatly clarify the trial issues and if their substance

6

> could have been determined from the Court's orders and memoranda, then
> the plaintiff is not entitled to the costs of transcripts of them.

Sperry Rand Corp. v. A-T-O, Inc., 58 F.R.D. 132, 138 (E.D. Va. 1973) (citations omitted).

Defendant has not shown either the necessity of the hearing transcripts for defending the case or the particular need to obtain expedited transcripts. Both hearings lasted approximately one hour, and there is nothing in the record to suggest that the nature of the issues were unduly complex or that the Court's orders would not otherwise clarify the issues. Defendant did not request the summary judgment hearing transcript for over two weeks after the hearing which suggests that the need for a 3-day transcript related more to the delay in the request rather than the impending trial date. Finally, the Court announced on November 19 that it would continue the trial – three weeks before the sanctions/expert hearing.[2] Thus, I disallow as costs the transcript costs for both the November 1, 2019 and the December 10, 2019 hearings.

Plaintiff does not specifically contest the remainder of Defendant's transcript expenses, which total $4,962.65 (including the hearing transcripts at the reduced "ordinary" rate). As Defendant has attested that they were necessarily obtained for use in the case, I find these costs taxable.

**Copying Expenses**

Defendant has withdrawn its claim of $1,274.25 for copy costs. Dkt. 109.

## CONCLUSION

For the reasons stated, I **RECOMMEND GRANTING in part, and DENYING, in part,** Defendant's Motion for Bill of Costs. I recommend that the court reduce the Defendant's bill by $2,131.60, and that the remaining amount, which totals $4873.70 be taxed against the

---

[2] I recognize that Defendant ordered the summary judgment transcript on November 18, 2019, before the Court continued the case. The December 10, 2019 hearing transcript was ordered the day of the hearing and after the Court had re-scheduled to trial to August 2020.

7

Plaintiff. However, I **RECOMMEND STAYING** payment pending the outcome of Plaintiff's appeal. See, e.g., Walker, 2014 WL 2450118 at *4.

The Clerk is directed to transmit the record in this case to Judge Norman Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Entered: October 20, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge